RECEIVED
SDNY PRO SE OFFICE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

2021 DEC -7  AM 9: 42

Abbelen Maxius

## 21 CV 10422

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been
assigned)

-against-

Mount Sinai Health Systems Inc.,

Mount Sinai Beth Israel,

Christopher D. Berner, JD &

Judith S. Block

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
42 U.S.C SS 1981; Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991; Deprivation

of Rights Under Color of Law (Title 18, U.S.C., Section 242); The Administrative Procedure

Act, Pub.L. 79-404, 60 Stat. 237; N.Y Exec Law SS290 to 297; N.Y City Admin Code

SS 8-101 to 131; Discrimination Against Employees Exercising Rights (OSHA Act 1970)

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

## Abbelen                                 Maxius

First Name                 Middle Initial        Last Name

## 400 West 113th Street, apt 504

Street Address

## New York                    NY                10025

County, City                        State            Zip Code

## 347-659-2886              abbymaxius2021@gmail.com

Telephone Number                    Email Address (if available)

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| Mount Sinai | Health Systems Inc. | |
|---|---|---|
| First Name | Last Name | |
| Legal Corporation | | |
| Current Job Title (or other identifying information) | | |
| 150 East 42nd Street | | |
| Current Work Address (or other address where defendant may be served) | | |
| New York | NY | 10017 |
| County, City | State | Zip Code |

Defendant 2:

| Mount Sinai | Beth Israel | |
|---|---|---|
| First Name | Last Name | |
| Non Profit Corporation | | |
| Current Job Title (or other identifying information) | | |
| 150 East 42nd Street | | |
| Current Work Address (or other address where defendant may be served) | | |
| New York | NY | 10017 |
| County, City | State | Zip Code |

Defendant 3:

| Christopher | D. | Berner, JD | |
|---|---|---|---|
| First Name | | Last Name | |
| Vice President of Human Resources and Labor Relations | | | |
| Current Job Title (or other identifying information) | | | |
| 281 First Avenue | | | |
| Current Work Address (or other address where defendant may be served) | | | |
| New York | | NY | 10003 |
| County, City | | State | Zip Code |

Defendant 4:    Judith          S.          Block
_____
First Name                      Last Name

Senior Director of Risk Management
_____
Current Job Title (or other identifying information)

281 First Avenue
_____
Current Work Address (or other address where defendant may be served)

New York                        NY          10003
_____
County, City                    State       Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:    Mount Sinai Beth Israel
_____

Date(s) of occurrence:    06/2017-09/2021 (various dates)
_____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

PLEASE SEE ATTACHED LETTER TO THE JUDGE
_____

_____

_____

_____

_____

_____

_____

PLEASE SEE ATTACHED LETTER TO THE JUDGE

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Emotional Distress and Trauma. Plaintiff is currently undergoing therapy.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

Plaintiff seeking $125,000,000.00 USD + Attorney Fees in restitution for Wrongful

Termination/Constructive Discharge; Retaliation; Racial & Religious Discrimination

(moral/ethical beliefs); Defamation of Character; Harassment; Sexual Harassment;

Emotional Distress/Trauma (compensatory damages);  Punitve damages.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 12/01/2021 | | | *Mddwler A Maxius* |
| --- | --- | --- | --- |
| Dated | | | Plaintiff's Signature |
| **Abbelen** | | | **Maxius** |
| First Name | Middle Initial | | Last Name |
| 400 West 113th Street, apt 504 | | | |
| Street Address | | | |
| **New York** | | NY | 10025 |
| County, City | | State | Zip Code |
| 347-659-2886 | | | abbymaxius2021@gmail.com |
| Telephone Number | | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

**ABBELEN MAXIUS  (PLAINTIFF)**
v.
**MOUNT SINAI HEALTH SYSTEMS INC., MOUNT SINAI BETH ISREAL, CHRISTOPHER  D. BERNER, JD &
JUDITH S. BLOCK, et al.   (DEFENDANTS)**

Date: December 1ST, 2021

*RE: Wrongful Termination/Constructive Discharge
& Employment Discrimination*

YOUR HONOR,

Whereas, there has been serious violations of the Plaintiff Abbelen Maxius Constitutional Rights and

Whereas, Plaintiff is seeking a fair and just redress by presenting this Racial and Religious Discrimination case, before Your Honor in the presence of your court and a jury of the Plaintiff peers and

Whereas, prior to the Plaintiff filings with the Federal Courts, Plaintiff did not have a full and fair opportunity to litigate the issue in the NYSDHR proceeding, that New York Law requires to preclude further litigation of those claims and

Whereas, Plaintiff was not represented by counsel, before the NYSDHR and

Whereas, the NYSDHR'S determination was based primarily, if not exclusively on biased and false information, which resulted in defamation of character, mental, emotional, financial duress, retaliation and wrongful termination and

Whereas, there is no record of any witness interviews or any hearings, conferences or outside arbitration held with parties and

Whereas, Plaintiff was denied an opportunity to cross-examine any witness and

Whereas, the suppression of evidence due to bias, failure to follow appropriate legal protocols, the limited scope of the litigation and Plaintiff statue as pro se litigant counsel against a determination that the NYSDHR order has preclusive effect and

Furthermore, the Plaintiff hopes that Your Honor will see, the merits of this case and will allow it to be placed on the calendar, so the Plaintiff can litigate the issues in Federal Court. Your Honor with evidence to support the Plaintiff claims. This would allow the Plaintiff to access the power of her own Truth, under the protection of the Federal Courts and the U.S. Constitution and

Furthermore, forcing the Mt. Sinai Beth Israel Hospital to acknowledge, it recklessly compromised its own brand, integrity and violated the trust of the entire Mt. Sinai Healthcare Community, while placing the hospital staff, including the Plaintiff life in jeopardy and

The Plaintiff strongly believes, due to the nature of the case and its bizarre twists to possibly be a landmark.
Your Honor, please review the attachments to this letter, bearing in mind this is just a small portion of the plethora of evidence and audio transcripts collected and documented over several years.
Thank you, Your Honor for you time and considerations in placing this case on calendar. Sincerely,

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Abbelen Maxius**<br>**400 West 113th Street, Apt 504**<br>**New York, NY 10025** | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2021-01172** | **Holly M. Shabazz,**<br>**State & Local Program Manager** | **(929) 506-5316** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Judy A. Keenan*                                                    October 25, 2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:    **MOUNT SINAI BETH ISRAEL**
**Attn: Legal Dept**
**1 Gustave L. Levy Place, Box 1099**
**New York, NY 10029**

To: United States Equal Employment
      Opportunity Commission

Date: October 22nd, 2021

From: Abbelen Maxius
      400 West 113th Street, apt 504
      New York, NY 10025

Legally Contesting The Decision - NEW YORK STATE DIVISION OF HUMAN RIGHTS
& Petition for Right to Sue

ABBELEN MAXIUS (Complainant)
      v.
MOUNT SINAI BETH ISREAL, JUDY S. BLOCK, NANCY PALJEVIC (Respondents)
Federal Charge No. 16GC101172           Case No. 10211059

DHR'S Grossly Fails To Support And Justify It's Own Decision: Meaningless, Baseless/Looking Into
The Madness Of There Own Thinking.....

1st Paragraph: Whereas, Here the Opening Statements, begins with the mis-interpretation of
NY Exec Law Article15 and

2nd Paragraph: Whereas, DHR'S Determination seems to undermine, the plethora of evidence
and audio, along with NYPD Official Harassment Report. This was submitted and entered into the
case, as evidence. Here, even within the second paragraph of the decision, we see continued mis-
interpretations of basic law, including, the correct applications of "No Probable Cause" and

3rd Paragraph: Whereas, According to DHR'S Investigation, it clearly states, Ms. Paljevic's in
appropriate and aggressive behavior (that violates the Mt. Sinai Beth Israel Hospitals own policy
concerning codes of ethics in the work place) which included unwanted touching, aggressive questions
of Complainant's sexuality, attempt at bribery with introducing and offering Alcohol (which is
prohibited in in the workplace) and lastly, the use of vulgar language. This is also specifically quoted
within, the DHR Decision. Ms. Paljevic states, "No One Fucking Cares," which she publicly screamed
in the office with full intent to publicly harass and humiliate Complainant. Hospital claims,
Complainant in a "Member In Good Standing," yet she was "Constructively Terminated," on
September 29th, 2021. When she was asked to surrender her ID's, Keys, Denied Access to her Hospital
Account, Office and Hospital Entry Access. This is just another example of biasness, concerning, this
DHR'S investigation and

Whereas, In addition in 2021 Respondent Paljevic wrongfully, accused Complainant of stealing
hospital scrubs (here again, it is clearly established and even recorded a "Fact" by DHR with it's

Decision Process)

*NOTE: Complaint has submitted a series of complaints both verbal and in documentation to her direct supervisor's. They were consistently ignored and perceived as meaningless, baseless and complainant was not taking seriously, as it also seems with this DHR'S Decision.

4th Paragraph: Whereas, DHR'S use of the terms, "Meaningless and Baseless would be appropriate here, along with ridiculous. The entire, statement here is so out of touch with existing law, it staggers the imagination. How is an accusation or act of Sexual Harassment - "Time Barred," under State or Federal Law?

5th Paragraph: Whereas, DHR'S Decision is riddled with its own inconsistencies.

Refer to 3rd Paragraph: Respondents' admission of guilt, as stated in the previous paragraph and received so-called counseling from the Risk Management Divisions Director Ms. Judy Block. Yet, the Harassment and Mental Torment, against Claimant continued. It appears, that not only the Mt Sinai Beth Israel Hospital and it's Board of Trustees, Division Director Judy S. Block and Ms. Paljevic, but DHR seems to be in denial of the Facts or involved in the cover-up of the Facts. As this legal process continues on the Federal Level, Supreme Court, we are confident the Truth will be revealed and Ms. Maxius will receive her day in court and appropriate redress, financial restitution for her the dissemination of her professional reputation emotional pain and suffrage and

6th & 7th Paragraph: Whereas, DHR'S dismissing of a plethora of evidence supporting all charges by the Complainant is again, "Justice Denied." DHR it seems in there closing arguments are attempting to create imaginary complaints, filed by the Respondent. So we wonder, where are those documents to contest what the Complainant has submitted? DHR nor their investigative process cannot produce it, because it merely does not exist. Why wasn't the Complainant, Ms. Maxius made aware and received copies of such documents to refer to her attorney? Again, because they don't exist. Why did Ms. Paljevic, receive counseling by the Supervisor to conform to an expected state of behavior, unless she was guilty of such actions?

The telephone conference which is referred to, scheduled September 30, 2021 the investigator (Shaneve Tripp, Esq.) completely misrepresented and falsely interpreted Complainant's statements. Again, this begs the question, how can the investigator put together an official DHR Decision based of untruths and deceptions. The Complainant stated, in 2020 she was Redeployed due to COVID. This is the reason and the Only reason, she was not forced to interact with the Respondent, Ms. Paljevic. Although, after Redeployment, both were put in separate offices in the same department, Complainant still suffered emotional trauma as a result of constant harassment and is now seeking mental health therapy.

In phone conversation on September 29th, 2021, Ms. Tripp stated it would be permissible to include, the Audio conversation September 28th, 2021 between Christopher Berner, J.D, V.P of Human Resources at Mount Sinai Beth Israel and myself, as part of "Evidence," Files, as pertaining to my existing case. Audio provided evidence of bias in core complaints along with attempting bullying tactics. This information is also documented via email between Complainant and investigator. On October 4th, 2021, Ms. Tripp responded via email "I've added the information to your case file". It staggers the imagination, as to why DHR has suppressed such vital evidence?

Furthermore, according to EEOC records, this case was closed September 30th, 2021, this was also confirmed by Joyce Yearwood-Drury, Director of NYS Division of Human Rights. The decision was signed off on October 5th,

2021 and was received by Complainant October 7th, 2021. How is it DHR could have come to a decision, without including the evidence? And falsely stating on October 4th, 2021, that evidence would be added to case file, after days prior of making a bias decision.

Be It Furthermore, this entire DHR Decision should be dismissed, due to a multitude of DHR'S embarrassing and shameful contradictions of its own decisions, as underscored in this argument and deemed without substance. Therefore, I am pleading with EEOC to correct this injustice, and provide Complainant with "The Right To Sue"

Sincerely,

Abbelen Maxius
E: Abbelenmaxius87@gmail.com
C: 347-659-2886

**ABBELEN MAXIUS**  
400 West 113th Street Apt 504  
New York, NY 10025

(347)-659-2886  Tel  
(404)-795-0610  Fax  
abbelenmaxius87@gmail.com

---

**VIA UPS OVERNIGHT MAIL AND E-MAIL TO INFOOSHIQNS@DHR.NY.GOV**

Ms. Joyce Yearwood Drury  
Director O.S.H.I.  
Office of Sexual Harassment Issues  
State of New York  
Division of Human Rights  
55 Hanson Place, Room 900  
Brooklyn NY 11217

RE:     Abbelen Maxius ("Complainant") v. Mount Sinai Beth Israel, Judith S. Block and Nancy  
           _Paljavic (sic)_ Palejvic ("Respondents") –  
           NYSDHR Case No. 1021159  
           Written Rebuttal to Respondents' 1st Submission dated _(April 9, 2019) sic_ April 9, 2021

Dear Ms. Yearwood-Drury:

Thank you for the opportunity to present my written rebuttal in support of my initial Charge of discrimination made against the Respondents and their answer to my original complaint submitted on _(April 9, 2019) (sic)_ April 9, 2021.[1]

First and foremost, I wish to state for the record that I have been subjected to a continuous and on-going campaign of verbal and physical harassment at the behest of Ms. Nancy Palejvic since she joined Beth Israel's Risk Management Department in June 2017 that continues to this day.

This harassment has included, but is not been limited to, the following actions taken by Ms. Paljevic against my person during her tenure (at the Risk Management Department) as follows:

**1) Verbal insults**, including the use of profanity and degrading statements directed against me on more than 100 separate occasions without provocation, solicitation, incitement, just cause, or any cause whatsoever that began in June 2017 and continues through today;

**2)    Physical Intimidation and Bullying**, including but not limited to unwanted physical touching, aggressive posturing, and pleas to keep such conduct "a secret" from our superiors in violation   of the Mt. Sinai Health System of New York's Human Resources Policy on Harassment and Sexual Harassment (Subject No. HR-13.04) last Reviewed 12/2019[2]

---

[1] Respondents' 1st Written Submission is dated April 9, 2019 and was received by Complainant on April 30, 2021. Complainant therefore has reasonably inferred that that actual date of the Respondent's letter is April 9, 2021.  
[2] According to this Policy "Harassment is verbal or physical conduct that denigrates or shows hostility or aversion to an individual because of his/her actual or perceived race, color, religion, sex, national origin, age, disability, citizenship, marital status, veteran status, creed, sexual orientation, gender, gender expression, or gender identity, or any other characteristic protected by law, or that of his/her friends, relatives, or associates that has the purpose of creating an intimidating, hostile and offensive work environment, ii) has the purpose or effect of unreasonably interfering with an individual's work performance.

**ABBELEN MAXIUS**                                                    (347)-659-2886 Tel
400 West 113th Street Apt 504                             (404)-795-0610 Fax
New York, NY 10025                                          abbelenmaxius87@gmail.com

**3) <u>Verbal/Physical Harassment of a Sexual Nature</u>**, on two separate occasions (September 2017) on hospital premises, including but not limited to being asked questions about my sexual orientation (without inducement, incitement, or invitation) and purported and/or perceived willingness to accompany Ms. Palejvic to a recreational venue that was "gay and straight friendly" in direct violation of Mt. Sinai Health System of New York's Human Resources Policy on Harassment and Sexual Harassment (Subject No. HR-13.04);

**4) <u>The Offering of Gifts of Alcohol and Entertainment</u>** (two bottles of wine) as an inducement and/or "bribe" not to report the unsolicited question about my sexual orientation, or my unwillingness to accompany Ms. Paljevic to a recreational venue outside of the hospital that was "gay and straight friendly" to my superiors in direct violation of Mt. Sinai Health System of New York's Human Resources Policy on Harassment and Sexual Harassment Subject No. HR-13.04); and Mount Sinai Health System Code of Conduct (Revised December 2018) regarding Harassment/Workplace Violence; Gifts and Entertainment/Business Courtesies; Compliance Questions; Reporting of Violations; Maintenance of a Drug and Alcohol Free Workplace[3]

---

[3] Mount Sinai's Corporate Code of Conduct (Rev. December 2018)/Compliance Questions states that "integrity, common sense and sound judgement are your best guides in determining if your personal actions meet the <u>expected standards for ethical and lawful behavior</u> (as a Mount Sinai employee)." It goes on to state that all employees should ask themselves a series of questions to aid them in making this determination, such as:

"<u>Could my action give the appearance (to others) of impropriety or wrongdoing</u>?"
"<u>Will the action bring discredit to any individual, or to Mount Sinai, if disclosed fully to the public</u>?"
"<u>Can I defend my action to my supervisor, others and to the general public</u>?"
"<u>Does my action meet my personal code of behavior</u>?"

It would appear, given this guidance, that a reasonable person could infer that Ms. Paljevic's words and actions towards me (since she has been a member of the Risk Management Department) fail to meet Mt. Sinai's ethical and lawful behavior standards.

Mount Sinai's Corporate Code of Conduct (HR-13.02) Subject GPP-424 - Revised 2/2019 states: "Affected individuals **<u>are required</u>** (emphasis added) to come forward with <u>any information</u> regarding <u>an actual or possible violation of our Code of Conduct or institutional policy</u>, and <u>cooperate fully in the investigation of any alleged violation</u>."

The Mt. Sinai supervisory chain of command for receiving and addressing such actual or possible code of conduct violations is identified as follows:
  ➢ "Your Supervisor"
  ➢ "The Human Resources and Labor Relations Department"
  ➢ "The Mount Sinai Health System Compliance Office: 212-241-3211"
  ➢ "The Compliance Helpline – 1-800-853-9212"

At all times (since I began informing my superiors – both verbally and in writing via e-mail and internal memos - of Ms. Palejvic's behavior towards me as identified above) I have followed this chain of command when seeking to have my employer address these repeated violations of the code of conduct by Ms. Paljevic against my person.

Mount Sinai's Code of Conduct see above also requires "Maintenance of a Drug and Alcohol Free Workplace." According to this policy "the use, sale, purchase, transfer, <u>possession</u> or presence in one's system <u>of alcoholic beverages while on duty is prohibited</u>."

**ABBELEN MAXIUS**
400 West 113th Street Apt 504
New York, NY 10025

(347)-659-2886  Tel
(404)-795-0610  Fax
abbelenmaxius87@gmail.com

**Second,** despite my repeated verbal and written complaints and notices of violation of the code of conduct to my superiors at Mt. Sinai since 2017(including, but not limited to, my direct Supervisor, Ms. Judith Block, as well as Mt. Sinai's internal Human Resources and Compliance Departments) there has been no action taken that has successfully resulted in an immediate "HALT" to the constant and continuing campaign of verbal and physical harassment emanating from Ms. Paljevic towards my person.[4]

This failure by my superiors at Mt. Sinai to successfully put an end to Ms. Paljevic's verbal and physical harassment campaign against my person has resulted in a direct violation of the Mt. Sinai Code of Conduct, and violated their contractual, legal, ethical, and moral obligation to me as their protected employee (under NYS law) - as well as their own written policies - to be able to perform my duties in an environment where all employees are respected and "entitled to be treated fairly and respectfully."[5]

In addition, with regard to my Claim of Discrimination against Mt. Sinai as it relates to my age, I am the youngest person in the Risk Management Unit. Both my supervisor (Ms. Judith Block) and Ms. Paljevic are well over 50 years of age, and share a long history of employment at Beth Israel/Mt. Sinai. Before this continuing conflict with Ms. Paljevic, I have not had any issues in working with Ms. Block (whom I respect a great deal) or anyone else (that I have dealt with professionally in other departments at Mt. Sinai) in my 5 ½ years of employment at the hospital.

Notwithstanding this fact, I am at a loss to explain Ms. Block's unwillingness to address my complaints regarding Ms. Paljevic's behavior towards me in a more forceful and effective manner that would cause it to cease once and for all.

According to the Mt. Sinai's written response to my complaint, it considers me to be "an employee of good standing" who "is an excellent employee, and valued member of the team."[6] Given this view of my value to the department and the hospital (for which I am deeply grateful) I do not understand why my repeated verbal and written notices regarding Ms. Paljevic's repeated violations of the Mt. Sinai Code of Conduct have not been afforded the veracity and corresponding impact that they deserve.[7]

---

[4] The Mount Sinai Health System Rules of Conduct Policy No. HR-13.02 Revised 2/2019 Section entitled "Discipline for Violations" states: "Any Affected Individual who violates any legal requirements or institutional policies, including failing to report a violation or retaliates against any individual for reporting in good faith a possible violation **or encouraging, directing, facilitating or permitting non-compliant behavior** shall be subject to disciplinary action up to including termination of employment, removal from the Medical staff, termination of contract or termination of relationship with MSHS. **Discipline will be fairly, firmly and consistently enforced (emphasis added).**
[5] The Mount Sinai Health System Rules of Conduct Policy No. HR-13.02 Revised 2/019, Pg. 3 of 4
[6] Official Mt. Sinai Letter to Joyce Yearwood Drury, NYS Division of Human Rights, dated *(April 9, 2019) sic* (April 9, 2021) by Rebecca K. Berkebile, Associate General Counsel, pps. 1, 2
[7] See note 4 and 5 – According to Ms. Berkebile's letter, Mt. Sinai's "fair and firm" discipline of my reports of Ms. Paljevic's repeated Code of Conduct violations has been to issue a written admonition (by Ms. Block) to her to more closely follow internal company policies. To my knowledge, there has been no other discipline conducted.

**ABBELEN MAXIUS**                                        (347)-659-2886  Tel
400 West 113ᵗʰ Street Apt 504                        (404)-795-0610  Fax
New York, NY 10025                                          abbelenmaxius87@gmail.com

Simply put, Ms. Block – and the Mt. Sinai Human Resources, Compliance and Legal Departments (as evidenced by the Respondents' written submission in answer to my complaint) have equated Ms. Paljevic's denials of her verbal and physical campaign of harassment against me as equal to my verbal and written assertions that these instances did in fact happen to me.

In essence, Mt. Sinai is alleging – through its repeated assertions regarding Ms. Paljevic's denials in their response to my complaint - that this verbal and physical harassment has not happened, or is a figment of my imagination.  In short, Mt. Sinai is insinuating that I am lying about these repeated violations of their own Corporate Code of Conduct, and have aided and abetted Ms. Paljevic's denials regarding my complaints by simply dismissing them because, in their sole opinion, they "lack any merit."

As a result, Ms. Paljevic has continued her verbal and physical harassment campaign against me without pause, and it is I – and only I – who has had to bear the brunt of this continuing campaign of verbal and physical abuse.  By failing to take any concerted action to halt this continuing abuse, my superiors at Mt. Sinai have failed to uphold my rights to a "safe and secure workplace" free from "hostility and harassment" according to their own Corporate Code of Conduct – and corresponding NYS law.  I can then only surmise that this failure to address my concerns substantially on Mt. Sinai's part must be attributed to their disregard of my complaints because they do not believe them, or because they are biased (in Ms. Paljevic' favor) for other reasons that are not clear to me.

Given this situation, I can only deduce that one of these reasons may appear to be age related, as Ms. Block and Ms. Paljevic could, given their relative ages (and long history of working at Beth Israel/Mt. Sinai) share a perspective that is very different from my own, and one that is dismissive of my complaints simply because they are being made by someone who is younger.

**Third**, as I am the only person of color in the Risk Management Department (as an African American originally from St. Lucia) I can only infer that my world view and mindset would not be the same as that of Ms. Paljevic or Ms. Block.  My superiors' refusal to address my complaints against Ms. Paljevic with greater veracity and effect could lead a reasonable person to conclude, unfortunately, that contrary to Mt. Sinai's written response, they do not consider me to be  **"a highly valued member of the team"** and therefore am "unworthy" of my complaints being taken more seriously by my superiors and handled in a more appropriate and effective manner.  It has led me *to seriously question my faith in my superiors' ability to protect me* from this ongoing campaign of verbal and physical abuse perpetrated by Ms. Paljevic and to my right to enjoy a "safe and secure workplace environment" codified in applicable NYS law and Mt. Sinai's Corporate Code of Conduct for all employees.

I cannot state, with absolute certainty, that my superiors' lack of response to my repeated complaints and requests for intervention against Ms. Paljevic are motivated by bias caused by age and/or race discrimination. **However, I cannot deny it either**.  My superiors' lack of action to halt Ms. Paljevic's on-going abuse (over several years) can only lead a reasonable person to question the motives for such dereliction of duty as I have outlined above.

**ABBELEN MAXIUS**                                    (347)-659-2886  Tel
400 West 113th Street Apt 504                        (404)-795-0610  Fax
New York, NY 10025                                   abbelenmaxius87@gmail.com

**Finally,** the lack of concerted action on my superiors' part to halt Ms. Paljevic's on-going campaign of verbal and physical abuse towards me – and their questioning and continuing lack of substantive regard of my complaints as to their veracity and sincerity – have contributed to my having to continue to work in a hostile and abusive environment (with Ms. Paljevic) each and every day.

This lack of action – and lack of redress of my continuing concerns and reports – <u>does indeed represent retaliation by Ms. Sinai of the most silent, and insidious kind</u>.  It is <u>retaliation constructed from the continued embarrassment, shame and mounting frustration that I must endure each and every day at not being believed by my superiors'</u> – and having my motives questioned constantly for making such reports, which I am required to do under the Mt. Sinai Health Systems Code of Conduct.

In short, I am being shamed, and shunned, into silence because I dare to speak up against the wanton, perpetual and intentional violations of the Code of Conduct against me by Ms. Paljevic. To my astonishment, she has been "rewarded" for her actions by effectively having her behavior towards me "condoned" by my superiors through their lack of action in following through on my complaints.

This is the essence of retaliatory behavior by Mt. Sinai against me.  <u>I have been shamed, silenced, marginalized and ostracized by my superiors simply because I chose to stand up for what is right – and for my rights as an employee in good standing at Mt. Sinai for the past 5 ½ years.</u>  I have a right to a work environment that is free for abuse and harassment.  I have a right to a workplace where my superiors protect these rights through the FAIR AND IMPARTIAL APPLICATION of the Code of Conduct to ALL employees – regardless of our longevity with the company or age/racial or cultural differences – because we are supposed to be united in our mission to deliver outstanding health care to the patients and families that we serve each and every day.

I have a right to be treated with respect and dignity in my workplace, and to treat others with the same respect as I would afford members of my own family and any other patient and co-worker. I have a responsibility to be part of the Mt. Sinai Health System Team, and to bring pride and dignity to all that I do as a good standing member of this team.  I have a duty to preserve and protect the Mt. Sinai brand promise in everything that I say and do, and in my interactions with others at all times, and to effectively promote its stellar reputation as a caring and effective caregiver to all New Yorkers who come through its doors looking for help.

I have been proud to work hard and strive each and every day to meet these responsibilities and obligations as a Beth Israel/Mt. Sinai employee in the Risk Management Department to the best of my ability over the past 5 ½ years of my tenure with the hospital.  I have continued to meet an on-going verbal and physical hostility and harassment campaign perpetrated by Ms. Paljevic with humility, patience, and an absolute belief in the power of truth to correct all situations, no matter how dire or difficult.  It is why I have enjoyed working at Beth Israel/Mt. Sinai so much over the past 5 ½ years.

**ABBELEN MAXIUS**
400 West 113th Street Apt 504
New York, NY 10025

(347)-659-2886  Tel
(404)-795-0610  Fax
abbelenmaxius87@gmail.com

It is with and in this spirit of truth and understanding that I respectfully request the intervention of the NYS Division of Human Rights – and the executive leadership of the Mt. Sinai Health Systems, its Chairman, and Board of Trustees – to take my plea for justice seriously, and to administer the corrective actions necessary to restore my faith in the Mt. Sinai Code of Conduct (consistent with NYS law), and afford me the injunctive relief that I desperately require in order to continue making a meaningful contribution to the greater Beth Israel/Mt. Sinai community.

Thank you again for the opportunity to present my views and my rebuttal to the Respondent's answer to my original complaint via this letter.  If you require any additional information in support of any of the representations made in this letter, please feel free to contact me at your earliest convenience.

Respectfully Submitted,

Abbelen Maxius
Risk Management Administrative Assistant
Beth Israel/Mt. Sinai Health Systems

ax
encls.

cc:  Joseph Paykin, Esq.
      Dan Panitz, Esq.
      Jose Nicot, Former Associate Chief of Staff, Office of the Mayor, City of
      New York
      Hon. Brian A. Benjamin, New York State Senate
      Hon. Danny O'Donnell, New York State Assembly
      Hon. Mark Levine, New York City Council
      Hon. Jumaane D. Williams, New York City Public Advocate
      Hon. Letitia James, New York State Attorney General

## SUMMARY OF AUDIO TRANSCRIPT

In consideration, the Audio is 30mins in its entirety, I direct Your Honor's attention to certain specific time frames, within the Audio.

_**These specific verbal exchanges, between Christopher Berner and myself,**_ I strongly believe will justify, my request for such Audio

to be entered into my case records, as further evidence of the charges....

Audio Time Frames: Intro: 0:00 – 7:22 - _Abbelen_ lays the foundation and reviews, core complaints (*Note: VP fails to respond, as if in admission of guilt and just listens for 7 minutes.)

Audio Time Frames: 8:20 – 8:57 - VP: In Denial: "Nancy Doesn't Pose A Threat."

Audio Time Frames: 10:10 – 12:20 - Abbelen questions the VP's decision in refusing to provide "Reasonable" Accommodations and Safe Work Environment.

Audio Time Frames: 12:33 – 16:54 - Here again, Christopher Berner, J.D, V.P of Human Resources at Mount Sinai Beth Israel, is attempting to "bullying tactics" to force Abbelen to comply with "Unreasonable" demands, which are in direct violation to Mount Sinai Beth Israel work place policies.

Audio Time Frames: 17:09 – 17:47 - Abbelen attempts to reason with the VP..Clearly expressing, that she feels by complying and being placed next to a mentally unstable individual (Nancy Paljevic) would not be in anyone's best interest to do so.

Audio Time Frames: 19:56 – 26:00 - VP attempts to intimidate and force Abbelen to place herself in harm's way, next to her sexual harasser and work place tormentor.

### *AUDIO AVAILABLE UPON REQUEST*

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 013 | Jurisdiction: N.Y. POLICE DEPT | ICAD#: | Record Status: Final, No Arrests | Public Omni NO | Complaint #: 2021-013-005978 | No Other Legacy Blue Versions | Complaint Revisions: iew All ersions 0 1 |
|---|---|---|---|---|---|---|---|

**Occurrence Location:** INSIDE OF 281 1 AVENUE
Name Of Premise: BETH ISRAEL
Premises Type: HOSPITAL
Location Within Premise: MANAGEMENT OFFICES/O
Visible By Patrol?: NO

**NYC Parks Dept. Property**
Did this offense occur on NYC Parks Dept. Property? NO
Command:
**NYC Parks Dept. Property Name:**

Precinct: 013
Sector: A
Beat:
Post: 7

**Occurrence From:** 2021-09-20 12:17 MONDAY
Occurrence thru:
Reported: 2021-09-23    14:09
Complaint Received: WALK IN

Aided #
Accident #
O.C.C.B. #

**Classification:** HARASSMENT
Attempted/Completed: COMPLETED
Most Serious Offense Is: VIOLATION
PD Code: 638  HARASSMENT,SUBD 3
PL Section: 24026
Keycode: 578  HARRASSMENT 2

**Case Status:** CLOSED
Unit Referred To:
Clearance Code: PATROL
Log/Case #: 0
Clearance Arrest Id:
Clearance AO Cmd:
File #: 51
Prints Requested? NO

**Confirmed Shots Fired?**
NO

**Possible Hate Crime ?**
NO

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | Child In Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: NO |

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?:
Company Name/Phone:
- -
Crime Prevention Survey Requested?:
Complaint/Reporter Present?

**If Arson:**
Structure:
Occupied?:
Damage by:

**Taxi Robbery:**
Partition Present:
Amber Stress Light Activated:
Method of Conveyance:
Location of Pickup:

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: NO | Translator(if used): |
|---|---|---|

**NARRATIVE:**
AT ABOVE TPO CV STATES ABOVE SAID LISTED PERP IS A COWORKER WHO HAS BEEN VERBALLY HARASSING AND MAKING CV FEEL ANNOYED AND ALARMED AND FEARFUL WITHIN HER WORK ENVIORNMENT. CV HAS REPORTED WITH HER SUPERVISORY COLLEAGUE. CV NEEDS TO DOCUMENT FOR WORK PURPOSES.

Version 1. PREMISE TYPE AND NAME CORRECTED.

**No NYC TRANSIT Data for Complaint # 2021-013-005978**

| Total Victims: 1 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 1 |
|---|---|---|---|

Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | N/A |
| METHOD OF FLIGHT | N/A |
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | ACCESSORIES -UNK -UNKNOWN COLOR |
| CLOTHING | FOOTWEAR -UNK -UNKNOWN COLOR |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CLOTHING | OUTERWEAR -UNK -UNKNOWN COLOR |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

## No IMEI Data for Complaint # 2021-013-005978

| | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Reporting/Investigating M.O.S. Name:<br>PAA ANZALONE PIA | 362501 | 013 PCT | NYPD |
| Supervisor Approving Name:<br>SGT SKINNER JAMAL | 942558 | 013 PCT | NYPD |
| Complaint Report Entered By:<br>POM GIUSETTI | 967894 | 013 PCT | NYPD |
| Signoff Supervisor Name:<br>LT CHIARLITTI | 946858 | 013 PCT | NYPD |

### END OF COMPLAINT REPORT
# 2021-013-005978

Date: December 1st, 2021


From: Abbelen Maxius



RE: Abbelen Maxius ("Plaintiff) v. Mount Sinai Health Systems Inc, Mount Sinai Beth Israel, Christopher D. Berner, JD & Judith S. Block ("Defendants"



To Whom This May Concern,

I was wrongfully terminated, and my former employer has contested my unemployment, which is currently under review. I was denied SNAP Benefits and still suffer from food insecurity. Also, I am still pending approval from HEAP and have exhausted my savings.


As a result of all of this, I am struggling to meet my financial obligations, and have fallen behind on rent, utilities and barely able to keep food on the table. I have recently gained employment and will not see my first check for another few weeks. A large portion of my check would go to rent, utilities and food, in which I would still struggle.



Sincerely,

*Abbelen Maxius*

Abbelen Maxius

C: 347-659-2886

E: abbymaxius2021@gmail.com

From: Abbelen Maxius
      400 West 113th Street, apt 504
      New York, NY 10025

RECEIVED
SDNY PRO SE OFFICE
2021 DEC -7 AM 9: 23

U.S District Court - Southern District of New York

Pro-Se Intake Unit

Attn:

USM 5W
SDNY