UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABBELEN MAXIUS,

                              Plaintiff,

              -against-

MOUNT SINAI HEALTH SYSTEMS INC.;
MOUNT SINAI BETH ISRAEL;
CHRISTOPHER D. BERNER, JD; JUDITH S.
BLOCK,

                              Defendants.

21-CV-10422 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer discriminated against her based on her race and religion. She names as Defendants Mount Sinai Health Systems Inc., Mount Sinai Beth Israel, Christopher D. Berner, JD, and Judith S. Block.

By order dated February 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). As set forth below, the Court directs service on Defendants and denies, without prejudice, Plaintiff's application for the court to request *pro bono* counsel.

## DISCUSSION

### A.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.    *Pro Bono* Application

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because

it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's

motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants, complete the USM-

285 forms with the addresses for Mount Sinai Health Systems Inc., Mount Sinai Beth Israel,

Christopher D. Berner, JD, and Judith S. Block, and deliver all documents necessary to effect

service to the U.S. Marshals Service.

The Court denies Plaintiff's application for the court to request *pro bono* counsel. The

Clerk of Court is respectfully directed to close the motion at Dkt. No. 7.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an

information package.

SO ORDERED.

Dated:   February 15, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## DEFENDANTS AND SERVICE ADDRESSES

1.      Mount Sinai Health Systems Inc.
        Legal Corporation
        150 East 42nd Street
        New York, NY 10017

2.      Mount Sinai Beth Israel
        Nonprofit Corporation
        150 East 42nd Street
        New York, NY 10017

3.      Christopher D. Berner, JD
        Mount Sinai Beth Israel
        Vice President of Human Resources
        281 First Avenue
        New York, NY 10003

4.      Judith S. Block
        Mount Sinai Beth Israel
        Senior Director of Risk Management
        281 First Avenue
        New York, NY 10003