

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABBELEN MAXIUS,

        Plaintiff,

-against-

MOUNT SINAI HEALTH SYSTEMS INC.,
et al.

        Defendants.

21-CV-10422 (LGS) (BCM)

**ORDER REGARDING DISCOVERY**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons discussed on the record during the discovery conference held on December 7, 2022, it is hereby ORDERED that plaintiff's letter-motion seeking an order compelling defendants to provide further interrogatory answers and produce additional documents (Dkt. 53) and defendants' letter-motion seeking an order compelling plaintiff to provide further interrogatory answers (Dkt. 56) are GRANTED IN PART, as follows:

1.   **Defendants' Interrogatories.** No later than **December 21, 2022**, plaintiff shall answer defendants' Interrogatory No. 13 as propounded. Plaintiff shall answer the portion of Interrogatory No. 14 asking her to identify "any person or entity for whom you have worked, including self-employment, or from whom you have received compensation in any form . . . from October 11, 2021 to the present."

2.   **Plaintiff's Interrogatories.** No later than **December 21, 2022,** defendants shall answer, or serve amended answers to:

    a.   The portion of Interrogatory No. 6 asking defendants to identify the individuals who placed any handbook or any W-2 in plaintiff's employee file.

    b.   The portion of Interrogatory No. 9 asking defendants to identify all persons offered an Administrative Coordinator position in the Risk Management Department from January 2021 through September 2021.

    c.   The portion of Interrogatory No. 11 asking defendants to identify all individuals involved in the decision to terminate plaintiff's employment and

        all individuals (whether they had decision-making authority or not) who provided information about plaintiff's job performance to the decision-making individuals in connection with the decision to terminate plaintiff's employment.

    d.    The portion of Interrogatory No. 12 asking defendants to identify all written complaints or allegations (formal or informal) made against plaintiff during her employment by defendants.

    e.    The portion of Interrogatory No. 17 asking defendants to identify the Human Resources personnel and compliance staff involved in the events alleged in the Complaint and Answer.

    f.    The portion of Interrogatory No. 18 asking defendants to identify all written complaints or allegations (formal or informal) made by plaintiff against defendants or other Mount Sinai Beth Israel personnel during her employment by defendants.

    g.    The portion of Interrogatory No. 20 asking defendants to identify all written rules, guidelines, policies, or procedures used to evaluate plaintiff's job performance.

    h.    The portion of Interrogatory No. 23 asking defendants to identify all individuals who provided trainings regarding employment discrimination, harassment, and/or retaliation within the Risk Management Department, or to employees in the Risk Management Department, from January 1, 2015 through September 29, 2021.

    i.    The portion of Interrogatory No. 24 asking defendants to identify all written warnings given to plaintiff with respect to her specific job performance.

    j.    The portion of Interrogatory No. 25 asking defendants to identify all individuals who instituted publicly-available legal proceedings (whether in court or in administrative or agency venues), against defendants herein that made allegations of employment discrimination, harassment, and/or retaliation by personnel in the Risk Management Department during the period of January 1, 2015 through September 29, 2021.

3.    **Plaintiff's Requests for Production of Documents (RFPs).** No later than **December 21, 2022**, defendants shall serve amended responses to the following RFPs in compliance with Fed. R. Civ. P. 34(b)(2)(B) and (C): RFPs 1, 5, 6, 7, 9, 13, 15, and 20. Additionally, defendants shall produce all non-privileged documents within their possession, custody, or control, that are responsive to:

    a.    The portion of RFP No. 5 requesting production of all Mount Sinai Beth Israel employee handbooks in effect during plaintiff's employment by defendants.

    b.    The portion of RFP No. 6 requesting production of all documents concerning discipline imposed on plaintiff or on others as a result of complaints made against plaintiff during her employment by defendants.

    c.    The portion of RFP No. 7 requesting the production of all documents concerning discipline imposed on Nancy Paljevic as a result of complaints made by plaintiff.

    d.    The portion of RFP No. 9 requesting the production of all video surveillance and security logs concerning plaintiff's departure from defendants' premises under escort.

    e.    The portion of RFP No. 13 requesting the production of all written warnings given to plaintiff regarding her job performance.

    f.    The portion of RFP No. 15 requesting the production of all documents within the personnel files of the individuals defendants concerning complaints against them regarding (a) their interactions with plaintiff or (b) any alleged discrimination, harassment, or retaliation.

    g.    The portion of RFP No. 20 requesting the production of all documents that support defendants' second, third, and fourth Affirmative Defenses.

4. **No Obligation to Rewrite.** The parties are reminded that the Court is under no obligation "to edit a party's discovery request to make it more palatable." *Fung-Schwartz v. Cerner Corp.*, 2020 WL 4927485, at *8 n.8 (S.D.N.Y. Aug. 21, 2020); *see also Hunnewell v. BakerCorp*, 2018 WL 1505579, at *4 (D. Conn. Mar. 27, 2018) (declining to "re-write" plaintiff's interrogatories). Although in this instance the Court has assisted the parties in narrowing certain of their discovery requests so as to promote the efficient exchange of relevant documents and information, the best way to avoid the risks associated with imprecise or overbroad requests is careful drafting of any future written discovery requests, to ensure that they are clear and in compliance with the relevant federal and local rules.

5. **Proposed Modifications to Discovery Schedule.** The parties having informed the Court that they are meeting and conferring about modifications to the Amended Civil Case Management Plan and Scheduling Order (Scheduling Order) (Dkt. 48), the parties shall, no later than **December 14, 2022**, submit their proposed revisions to the Scheduling Order. As discussed during the discovery conference, the parties should aim to complete fact discovery by February 28, 2023.

All relief not expressly granted herein is DENIED.

Dated: New York, New York
       December 8, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**