

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABBELEN MAXIUS,

        Plaintiff,

-against-

MOUNT SINAI HEALTH SYSTEMS INC., et al.,

        Defendants.

21-CV-10422 (LGS) (BCM)

**ORDER REGARDING DISCOVERY**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during yesterday's discovery conference, it is hereby ORDERED that:

1. **Depositions**

    a. The parties shall cooperate in good faith to schedule the depositions listed below within the time allotted. The fact discovery deadline remains **February 28, 2023**.

    b. Plaintiff shall appear for her deposition no later than **February 10, 2023**. The deposition is limited to one day (7 hours). Fed. R. Civ. P. 30(d)(1).

    c. Defendants shall produce the following witnesses on dates and at times reasonably convenient to counsel and the witnesses (which may be either before or after the date on which plaintiff's deposition takes place):

        i. Christopher D. Berner, limited to one half-day (3.5 hours).

        ii. Judith S. Block, limited to one half-day.

        iii. Carolina Marroquin, limited to one half-day.

        iv. Nancy Paljevic, limited to 5 hours.

        v. Gabrielle Rivera, limited to one half-day.

        vi. Donnette Truss, limited to one half-day.

    d. No later than **February 14, 2023**, defendant Mount Sinai Beth Israel (Mount Sinai) shall identify the individual(s) designated to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6) and the topics on which each such individual will testify. The deposition shall take place on date(s) and at time(s) reasonably convenient to counsel and the witness(es) no later than **February 24, 2023**. The Rule 30(b)(6) deposition is limited to an aggregate

of one day. The topics for the Rule 30(b)(6) deposition are limited to those previously agreed upon by counsel and the following topics (numbered in accordance with plaintiffs' Notice of Rule 30(b)(6) Deposition), as narrowed during the conference:

　　i.　　<u>Topic No. 6</u>: The structure of Mount Sinai's Human Resources Department from September 2017 through September 2021, including reporting relationships but *not* including the "education background" of individual employees.

　　ii.　　<u>Topic No. 10</u>: The structure of Mount Sinai's Risk Management Department from September 2017 through September 2021, including reporting relationships but *not* including the "education background" of individual employees.

　　iii.　　<u>Topic No. 15</u>: Mount Sinai's procedures for onboarding employees to the Risk Management Department and orienting them to workplace rules, including discrimination, harassment, and retaliation policies, from September 2017 through September 2021.

　　iv.　　<u>Topic Nos. 18 & 19</u>: Defendants' response to plaintiff's complaint, lodged approximately one week before termination of her employment, concerning unauthorized postings on the Mount Sinai shared drive, including whether defendants took steps to preserve the postings.

　　v.　　<u>Topic No. 21</u>: Mount Sinai's procedures upon receiving service of complaints filed with the New York State Division of Human Rights, including its procedures for processing such complaints.

2. **<u>Document Responses in Lieu of Rule 30(b)(6) Testimony</u>.** To the extent defendants have not already done so, they shall, no later than **February 14, 2023**, produce all versions of defendants' employee handbook in effect from September 2017 through September 2021.

3. **<u>Plaintiff's Second Requests for Production of Documents</u>.** Defendants shall supplement their Responses to Plaintiff's Second Request for Production of Records (RFPs) as follows:

　　a.　　<u>RFP No. 3</u>: To the extent they have not done so already, defendants shall produce all job descriptions and/or job postings for open positions within the Risk Management Department from September 2017 through September 2021.

　　b.　　<u>RFP No. 10</u>: To the extent they have not done so already, defendants shall produce all non-privileged material responsive to this request.

　　c.　　<u>RFP No. 11</u>: To the extent they have not done so already, defendants shall produce all non-privileged material responsive to this request.

    d.    <u>RFP No. 17</u>: Defendants shall provide plaintiff with another copy of their privilege log.

    e.    <u>RFP No. 24</u>: To the extent they have not done so already, defendants shall produce any security report or similar document about the "alleged theft of scrubs."

4. **<u>Joint Status Letter</u>.** If further discovery disputes arise, the parties shall first confer in good faith, *in real time*, to attempt to resolve the dispute and, if they cannot come to a resolution, shall submit a single joint letter-motion, which may not exceed four pages (exclusive of attachments), which confirms that the parties met and conferred before seeking judicial intervention, and which succinctly sets out each party's position. Requests for discovery relief must comply in all other respects with Moses Ind. Prac. §§ 1(d) and 2(b).

All relief not expressly granted herein is DENIED.

Dated: New York, New York  
       February 1, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**