```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABBELEN MAXIUS,

        Plaintiff,

  -against-

MOUNT SINAI HEALTH SYSTEMS INC., et al.,

        Defendants.

21-CV-10422 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 6, 2025, the Court received plaintiff's letter-motion, dated July 31, 2025, seeking to "expunge the docket and all associated records from public access" in this action because "this case contains allegations and documents of a sensitive personal nature, including immigration status" and "racial/religious discrimination." (Dkt. 153.) Construing the letter as a motion to seal the docket in its entirety, the Court directed defendants to submit any response no later than August 14, 2025. (Dkt. 154.) No response was submitted.

The Court cannot grant plaintiff's motion.

Plaintiff seeks to seal more than 150 filings, including pleadings, motions, letters, notices, and court orders, many of which are unquestionably "judicial documents," as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006), to which a presumption of public access applies "under both the common law and the First Amendment." *Id*. Moreover, although this Court granted summary judgment to defendants almost one year ago, *see Maxius v. Mount Sinai Health Sys. Inc.*, 2024 WL 4166157, at *10 (S.D.N.Y. Sept. 12, 2024), the documents that plaintiff now seeks to seal also constitute the record on appeal before the Second Circuit, where plaintiff continues to argue that she should be permitted to present her claims of employment discrimination to a jury. *See*, *e.g*., Brief with Appendix (Dkt. Entry 19), *Maxius v. Mount Sinai Health Systems Inc.*, No. 24-2524 (2d Cir. Jan 27, 2025).

Judicial documents may be sealed only if the court is able to make "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Moreover, "sealing an entire case is a drastic measure reached only as a 'last resort,' such as 'when sealing is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives.'" *T.K. v. K.N.*, 2024 WL 4796621, at *3 (E.D.N.Y. June 26, 2024) (quoting *Doe v. Berg*, 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016)); *see also Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (a motion to seal an entire case docket "triggers First Amendment scrutiny," and requires the Court to make "specific, rigorous findings" that sealing the entire case is both "necessary to preserve higher values" and "narrowly tailored to achieve that aim").

No "extraordinary circumstances" are present here. Moreover, plaintiff's vague references to a "personal safety concern," "ongoing reputational harm," and "hindrance of employment" would be insufficient to justify even a more limited sealing order. *See*, *e.g.*, *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) ("'[g]eneralized concern[s] of adverse publicity' and reputational injury . . . cannot justify an order sealing a core judicial document"); *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 72 (S.D.N.Y. 2015) ("conclusory invocations of harm . . . are plainly inadequate").

Accordingly, plaintiff's motion to "expunge the docket and all associated records from public access" in this action is DENIED.

Dated: New York, New York  
       August 20, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**